# Exhibit 1

DocuSign Envelope ID: 7BA345CD-5C84-4413-9B38-393A7122C071

1   GABRIELLE M. WIRTH (SBN 106492)
    wirth.gabrielle@dorsey.com
2   NISHA VERMA (SBN 284130)
    verma.nisha@dorsey.com
3   **DORSEY & WHITNEY LLP**
    600 Anton Boulevard, Suite 2000
4   Costa Mesa, CA 92626
    Telephone:  (714) 800-1400
5   Facsimile:  (714) 800-1499

6   Attorneys for Defendant
    MILLER MILLING COMPANY, LLC
7

8   JULIAN BURNS KING (SBN 298617)
    julian@kingsiegel.com
9   ELLIOT J. SIEGEL (SBN 286798)
    elliot@kingsiegel.com
10  **KING & SIEGEL LLP**
    724 S. Spring Street, Ste. 201
11  Los Angeles, CA 90014
    tel: (213) 465-4802
12  fax: (213) 465-4803

13  Attorneys for Plaintiff and the Putative Class

14

15              **UNITED STATES DISTRICT COURT**

16      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17

| | |
|---|---|
| 18  ROBERT QUINTERO, an individual, | CASE NO: 2:19-cv-07459-DMG-JC |
| 19                Plaintiff, | |
| 20 | Assigned to: |
| 21          vs. | District Judge: Dolly M. Gee |
| | Magistrate Judge: Jacqueline Chooljian |
| 22 | |
| 23  MILLER MILLING COMPANY, LLC, a | **CLASS ACTION SETTLEMENT** |
| 24  California corporation, and Does 1 -10, inclusive, | **AGREEMENT AND RELEASE** |
| 25                Defendants. | |
| 26 | |
| 27 | Complaint Filed:  July 26, 2019 |
| | Removed to Federal: August 28, 2019 |
| 28 | Trial Date:  Not Set |

1

This Class Action Settlement Agreement and Release ("Agreement" or "Settlement") is made and entered into by and between Plaintiff Robert Quintero ("Plaintiff") and Defendant Miller Milling Company, LLC ("Defendant") (collectively, the "Parties").

## RECITALS

This Settlement is made and entered into by and between Plaintiff and Defendant, and is subject to the terms and conditions hereof, and to the Court's approval. The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of settlement and that nothing herein is an admission of liability or wrongdoing by Defendant. If for any reason the Settlement is not approved, it will be of no force or effect, and the Parties shall be returned to their original respective positions.

## DEFINITIONS

The following definitions are applicable to this Agreement. Definitions contained elsewhere in this Agreement shall also be effective:

***Relevant Parties and Time Periods***

1.      The "**Action**" means the action styled as *Robert Quintero v. Miller Milling Company.*, C.D. Cal. Case No. 2:19-CV-07459-DMG-JC, originally filed in Los Angeles Superior Court on July 26, 2019, Case No. 19STCV26093, and removed to the United States District Court, Central District Of California, Western Division on August 28, 2019.

2.      "**Class Counsel**" means Julian Burns King and Elliot J. Siegel of King & Siegel LLP.

3.      "**Defense Counsel**" means Gabrielle Wirth and Nisha Verma of Dorsey & Whitney LLP.

4.      "**Defendant**" means Defendant Miller Milling Company, LLC, including its predecessors, if any, as well as each of its respective predecessors, successors, and all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, insurers, and parents, and collectively, their respective former, current and

future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, insurers and trustees.

5. "**Court**" means the United States District Court, Central District Of California, Western Division, or any other court taking jurisdiction of the Action.

6. "**Preliminary Approval Date**" means the date of the Court's order granting preliminary approval of the Settlement.

7. "**Class Period**" means the period from July 26, 2015 to February 28, 2020 or the date of Preliminary Approval, whichever is earlier.

8. "**Class Members**" means all non-exempt employees who were employed by Defendant in California and performed work in either the mill, maintenance, or sanitation departments at any time during the Class Period who do not opt out of this Settlement.

9. "**Settlement Class**" or "**Settlement Class Members**" means all of the Class Members; Defendant represents there are 131 Class Members as of December 19, 2019. This representation is a material term of this Agreement.

10. "**Participating Class Members**" means all Settlement Class Members who do not submit valid Requests for Exclusion.

11. "**Effective Date**" means that date on which the settlement embodied in this Settlement Agreement shall become effective after all of the following events have occurred: (i) Final Approval of the Settlement is granted by the Court; and (ii) the Court's order approving the Settlement becomes a Final Judgment.

12. "**Final Judgment**" means the latest of: (i) if there is an appeal of the Court's order, the date the order is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court, or, (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the order is affirmed pursuant to such petition; (iii) if an objection to the settlement is filed by any Settlement Class Member, then the expiration date of the time for filing or noticing any appeal of the order, which

is sixty (60) calendar days from entry of the order; and (iv) if no objection has been filed by any Settlement Class Member, then the date that the Court grants final approval of this Settlement.

### Settlement Payments

13.    "**Settlement**" means the agreement among parties to resolve the Action, as set forth in this Agreement.

14.    "**Gross Settlement Amount**" means the maximum settlement amount of Five Hundred Thousand Dollars (**$500,000**) to be paid by Defendant in full satisfaction of all claims arising from the Action, which will be used to make the following payments, as those terms are defined below:

      a.    Individual Settlement Payments;

      b.    Class Representative Enhancement Payments;

      c.    Settlement Administration Costs;

      d.    PAGA Settlement Amount;

      e.    Class Counsel's Fee Award; and

      f.    Class Counsel's Cost Award.

This Gross Settlement Amount has been agreed to by Plaintiff and Defendant based on the aggregation of the agreed-upon settlement value of individual claims. Defendant maintains no reversionary right to any portion of the Gross Settlement Amount. The entire Gross Settlement Amount will be distributed and no part of the Gross Settlement Amount will revert to Defendant. Defendant will be obligated to pay all employer-side payroll taxes applicable to the Individual Settlement Payments outside of the Gross Settlement Amount.

15.    "**Net Settlement Amount**" means the balance of the Gross Settlement Amount remaining after deduction of the following payments, as those terms are defined below:

      a.    Class Representative Enhancement Payment;

      b.    Settlement Administration Costs;

DocuSign Envelope ID: 7BA345CD-5C84-4413-9B38-393A7122C071

c.     LWDA Payment;

d.     Class Counsel's Fee Award; and

e.     Class Counsel's Cost Award.

The entire Net Settlement Amount is the maximum amount that will be available for distribution to Participating Class Members, in the form of Individual Settlement Payments based on the number of workweeks worked by each Class Member during the Class Period.

16.     "**Class Representative Enhancement Payment**" means the amount to be paid to the Plaintiff in recognition of his effort and work in prosecuting the Action on behalf of Settlement Class Members.

17.     "**Class Counsel's Fee Award**" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of the Action, including, but not limited to, fees associated with litigating the Action, documenting the Settlement, securing the Court's approval of the Settlement, obtaining entry of the Judgment terminating the Action, and other related matters.

18.     "**Class Counsel's Cost Award**" means all reasonable costs incurred and to be incurred by Class Counsel in the Action subject to the Court's approval, including, but not limited to, expert witness fees, up through the Court's approval of the Settlement and obtaining entry of the Judgment terminating the Action, and any other expenses.

19.     "**Individual Settlement Payment**" means each Participating Class Member's pro-rata share of the Net Settlement Amount.

20.     "**PAGA Settlement Amount**" means the portion of the Class Settlement Amount that the Parties have agreed will be allocated to resolve all claims and remedies under the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*, "PAGA"). The amount of the PAGA Settlement Amount is subject to Court approval pursuant to California Labor Code section 2699(*l*)(2). Pursuant to the PAGA, 75% of the PAGA Settlement Amount shall be paid to the California Labor and Workforce Development Agency ("the **LWDA Payment**"), and 25% of the PAGA

Settlement Amount shall remain in the Net Settlement Amount to be included when distributing Individual Settlement Payments to Participating Class Members.

21.    **"Settlement Administration Costs"** means the costs payable from the Gross Settlement Amount to the Settlement Administrator (as defined below) for administering this Settlement, including, but not limited to, printing, distributing, and tracking documents for this Settlement, tax reporting, distributing the Gross Settlement Amount, and providing necessary reports and declarations, as requested by the Parties. The Settlement Administration Costs shall be paid from the Gross Settlement Amount, including, if necessary, any such costs in excess of the amount represented by the Settlement Administrator as being the maximum costs necessary to administer the Settlement.

22.    **"Settlement Payment Checks"** means the payments to all Participating Class Members, which shall be mailed to Participating Class Members within fifteen (15) business days after the Effective Date.

### ***Administration of Settlement***

23.    **"Settlement Administrator"** means a qualified third-party class action settlement administrator proposed by Plaintiff and agreed to by Defendant and approved by the Court for the purposes of administering this Settlement.  The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

24.    **"Class Lists and Data"** means complete lists of all Settlement Class Members that Defendant will diligently and in good faith compile from its records and provide to the Settlement Administrator within fifteen (15) calendar days after Preliminary Approval of this Settlement.  The Class Lists and Data shall be formatted in Microsoft Office Excel and shall each include a column for each of the following, for each Settlement Class Member:

        a.      First Name;

6

b.      Last Name;

c.      Social Security Number;

d.      Most recent mailing address; and

e.      Dates and number of workweeks in which the Settlement Class Member performed work for Defendant during the Settlement Class Member's relevant Class Period.

25.     "**Notice Packet**" means the Notice of Proposed Class Action Settlement, substantially in the form attached as **Exhibit A**.

26.     "**Response Deadline**" means thirty-five (35) days following the date the Settlement Administrator initially mails the Notice Packet to Class Members.

27.     "**Notice of Objection**" means a Settlement Class Member's valid and timely written objection to the Settlement.

28.     "**Request for Exclusion**" means a timely letter submitted by a Settlement Class Member indicating a request to be excluded from, i.e., or opt-out of, the Settlement.

29.     "**Released Claims**" means any and all of Participating Class Members' claims or causes of action, including for damages, wages, benefits, expenses, penalties, debts, rights, demands, liabilities, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, based on the following and which accrued during the Class Period:

a)      All claims for failure to provide meal period premiums or failure to provide meal periods under the Labor Code or the applicable wage order(s) that accrued during the Claims Period;

b)      All claims for failure to pay rest period premiums or failure to authorize and permit rest periods under the Labor Code or the applicable wage order(s) that accrued during the Claims Period;

c)      All claims for unpaid wages, failure to pay minimum wage, failure to pay overtime, and any other claim for failure to pay wages under the Labor Code or the applicable wage order(s), any claim for failure to

7

pay wages at the agreed upon rate under Labor Code 221 to 223 during the Claims Period.

d)     All claims for failure to timely pay wages and/or waiting time penalties pursuant to Labor Code §201 to 204 that accrued during the Claims Period;

e)     All claims for failure to maintain records under the Labor Code or the applicable wage order(s), including under Labor Code 1174, which accrued during the Claims Period;

f)     All claims for failure to issue adequate wage statements, whether for any penalty or wage, pursuant to Labor Code §226 that accrued during the Claims Period;

g)     All claims for penalties under the California Private Attorneys' General Act based on the aforementioned alleged Labor Code violations;

h)     All claims for unfair business practices under Business and Professions Code §17200 based on the aforementioned alleged Labor Code violations; and

i)     Any other claims arising, or which could have arisen, from the operative facts alleged in Plaintiff's Complaint filed on July 26, 2019.

30.     "**Released Parties**" means Defendant, and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, and assigns, as well as all past and present officers, directors, employees, partners, shareholders and agents, attorneys, insurers, and any other successors, assigns, or legal representatives.

## TERMS OF AGREEMENT

Plaintiff, on behalf of himself and the Settlement Class Members on the one hand, and Defendant, on the other hand, agree as follows:

## SETTLEMENT PAYMENTS AND RELEASE

31.     <u>Funding of the Gross Settlement Amount</u>. Within ten (10) business days after the Effective Date, Defendant shall make a one-time deposit of the Gross Settlement Amount into a Qualified Settlement Fund to be established by the Settlement

8

Administrator.  The Class Settlement Amount shall be used to pay:

         a.      Individual Settlement Payments;

         b.      Class Representative Enhancement Payments;

         c.      Settlement Administration Costs;

         d.      PAGA Settlement Amount;

         e.      Class Counsel's Fee Award; and

         f.      Class Counsel's Costs Award.

32.   <u>Class Counsel's Fee Award</u>.  Defendant agrees not to oppose any application or motion by Class Counsel for attorneys' fees of not more than 33% of the Gross Settlement Amount, which equals One Hundred and Sixty-Five Thousand Dollars (**$165,000**), which shall be paid from the Maximum Settlement Amount.  Any portion of Class Counsel's Fee Award not awarded to Class Counsel shall be added to the Net Settlement Amount.

33.   <u>Class Counsel's Cost Award</u>.  Defendant agrees not to oppose any application or motion by Class Counsel for recoverable costs and expenses of not more than Twenty Thousand Dollars (**$20,000**), which shall be paid from the Maximum Settlement Amount.  Any portion of Class Counsel's Cost Award not awarded to Class Counsel shall be added to the Net Settlement Amount.

34.   <u>Form 1099 to Class Counsel</u>.  The Settlement Administrator (and not the Defendant) shall issue an IRS Form 1099 to Class Counsel reflecting Class Counsel's Fee Award and Class Counsel's Costs Award.

35.   <u>Class Representative Enhancement Payment</u>.  In recognition of his efforts and work in prosecuting the Action on behalf of Settlement Class Members, Defendant agrees not to oppose any request, application, and/or motion by Plaintiff for a Class Representative Enhancement Payment of up to Seven Thousand Five Hundred Dollars (**$7,500**).  The Class Representative Enhancement Payment, which shall be paid from the Gross Settlement Amount, shall be in addition to Plaintiff's Individual Settlement Payment to be paid pursuant to the Settlement.  The Settlement Administrator (and not

the Defendant) shall issue an IRS Form 1099 to Plaintiff reflecting the Class Representative Enhancement Payment.  Any portion of the Class Representative Enhancement Payment not awarded to Plaintiff shall be added to the Net Settlement Amount.

36.  <u>Settlement Administration Costs</u>.  The Settlement Administration Costs shall be paid for the reasonable costs of administration of the Settlement.  The Settlement Administration Costs shall not exceed Ten Thousand Dollars (**$10,000**) without prior written approval by both parties.  Any portion of the Settlement Administration Costs not allowed shall be added to the Net Settlement Amount.

37.  <u>PAGA Settlement Amount and LWDA Payment</u>.  Subject to Court approval, the Parties agree that the amount of Twenty Thousand Dollars ($**20,000**) from the Gross Settlement Amount shall be designated for satisfaction of Plaintiff's and Settlement Class Members' PAGA claims.  Pursuant to the PAGA, Seventy-Five Percent (25%), i.e. Fifteen Thousand Dollars (**$15,000**), of the PAGA Settlement Amount shall constitute the LWDA Payment and be paid to the LWDA, and Twenty-Five Percent (25%), i.e. Five Thousand Dollars (**$5,000**), shall remain part of the Net Settlement Amount and shall be included in the Individual Settlement Payments to Participating Class Members.  Any portion of the LWDA Payment not approved by the Court shall be added to the Net Settlement Amount; in no event shall Defendant be required to pay in excess of the Gross Settlement Amount, except as expressly provided herein (including, but not limited to, as provided in Paragraphs 40 and 41).

38.  <u>Notice of Settlement to LWDA</u>.  In conjunction with, or prior to, their Motion for Preliminary Approval, Class Counsel will submit the proposed Settlement to the LWDA, in accordance with Labor Code section 2699, subdivision (l)(2).

39.  <u>Net Settlement Amount</u>.  The Net Settlement Amount shall be used to satisfy Individual Settlement Payments to Participating Class Members from the Settlement Class in accordance with the terms of this Agreement.  Participating Class Members are entitled to 100% of the Net Settlement Amount.  Defendant maintains no reversionary

right to any portion of the Net Settlement Amount.

40.   <u>Escalator Clause</u>.  The Gross Settlement Amount was negotiated with, and is premised on, the understanding based on Defendant's representation that the number of Class Members  is 131 individuals as of December 19, 2019.  If, as of the date of Preliminary Approval, the number of class members exceeds 144, then the Gross Settlement Amount will increase proportionally by 0.69% per each additional Class Member above 144.

41.   <u>Tax Treatment of Individual Settlement Payments</u>.   All Individual Settlement Payments shall be allocated as follows: One-Third (1/3rd) wages, for which a W-2 shall be issued, and Two-Thirds (2/3rd) penalties, reimbursement, and interest, for which a 1099 shall be issued.  Defendant shall be solely responsible for paying the employer's share of payroll taxes on any amounts allocated as wages, which amount shall be paid separately from the Gross Settlement Amount.

42.   <u>No Credit Toward Benefit Plans</u>.  The Individual Settlement Payments made to Participating Class Members under this Agreement, as well as any other payments made pursuant to this Agreement, shall not be utilized to calculate any additional benefits under any benefit plans to which any Settlement Class Members may be eligible, including, but not limited to:  profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement will not affect any rights, contributions, or amounts to which any Settlement Class Members may be entitled under any benefit plans.  The Parties agree that the amounts paid pursuant to this Settlement are not for days or hours worked, and are not included toward any regular rate of pay calculation, or any benefit vesting or accrual purpose.

43.   <u>Release of Claims by Settlement Class Members</u>.  Upon the Effective Date, Plaintiff and all Participating Class Members, as well as their spouses, heirs, executors, administrators, trustees, and/or permitted assigns, hereby do and shall be deemed to have fully, finally and forever released, settled, compromised, relinquished and discharged any

and all of the Released Parties of and from any and all Released Claims.

44.   <u>General Release by Named Plaintiff</u>.   Prior to the Final Approval of Settlement, Plaintiff will execute a release of all claims against Defendant, which includes a waiver under California Civil Code section 1542, in substantially the same form as **Exhibit B**, attached hereto.  Such general release will only be effective as of the Effective Date, and only if this Settlement is given Final Approval by the Court.

45.   <u>Class Action Certification</u>.  The parties are agreeing to class certification for settlement purposes only.   This Agreement shall not constitute, in this or any other proceeding, an admission of any kind by Defendant, including without limitation, that certification of a class for trial or any other purpose is appropriate or proper or that Plaintiff can establish any of the requisite elements for class or representative treatment of any of the claims in this Action.

If, for any reason, the Settlement is not approved, this Agreement will be void and the Parties will be restored to their respective positions as if they had not entered into this Agreement; however Defendant will remain liable for all Administration Costs paid up through that point.  The Parties further agree that this Agreement, the Settlement Term Sheet, the final Stipulation of Settlement, or any documents generated or orders issued related to the Settlement, will not be admissible in this or any other proceeding as evidence that either (i) a class action should be certified, or that this matter may proceed as a representative action; or (ii) Defendant is liable to Plaintiff or any Settlement Class Member, other than according to the Settlement's terms.  In the event that the Settlement is not approved or otherwise voided, Defendant expressly reserves all rights to challenge certification of a class, or Plaintiff's ability to maintain a representative action, for all purposes in the Action.

46.   <u>Non-Admission of Liability</u>.   The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Agreement, Defendant does not admit, and specifically denies, it has violated any federal, state, or local law; violated any

regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its employees.  Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable law.

## **ADMINISTRATION OF SETTLEMENT**

47. <u>Delivery of the Class Lists and Data</u>.  Within fifteen (15) calendar days of Preliminary Approval, Defendant shall provide the Class Lists and Data to the Settlement Administrator.

48. <u>Notice Packets</u>.  All Settlement Class Members will be mailed a Notice Packet, attached as **Exhibit A**, which was mutually agreed upon by all Parties.  It provides:

    a.    Information regarding the nature of the Action;

    b.    A summary of the Settlement's principal terms;

    c.    The Settlement Class definition;

    d.    Each Settlement Class Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments;

    e.    The dates which comprise the Class Period;

    f.    Instructions on how to submit a valid Notice of Objection and/or the Request for Exclusion Form, attached as **Exhibit C**.

    g.    The Response Deadline;

h.     The date for the Final Approval Hearing, and

i.     The Released Claims and Released Parties.

49.     <u>Notice by First-Class U.S. Mail</u>.  Within fifteen (15) calendar days after the Court's preliminary approval of the Settlement, the Settlement Administrator shall: (i) run the names of all Settlement Class Members through the National Change of Address ("NCOA") database to determine any updated addressed for Settlement Class Members; (ii) update the addresses of any Settlement Class Members for whom an updated address was found through the NCOA search; and (iii) mail the Notice Packet (including Request for Exclusion Form) to each Settlement Class Member at his or her last known address or at the updated address found through the NCOA search, and retain proof of mailing.

50.     <u>Re-Mailing of Returned Notices</u>.  Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline shall be re-sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator shall indicate the date of such re-mailing on the Notice Packet.  If no forwarding address is provided, the Settlement Administrator shall within five (5) days of receiving the returned Notice Packet, attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Settlement Class Member involved, and shall then perform a re-mailing within three (3) days of obtaining the updated address.  Those Settlement Class Members who receive a re-mailed Notice Packet shall have the later of (i) an additional fifteen (15) days from the remailing or (ii) until the Response Deadline, to respond. Notice Packets that are re-sent shall inform recipients of this adjusted deadline. The Parties agree to cooperate with the Settlement Administrator to locate a more recent address for Settlement Class Members, where necessary.

51.     <u>Request for Exclusion Procedures</u>.  Any Class Member may opt-out from the Settlement by signing a written Request for Exclusion to the Settlement Administrator postmarked on or before the Response Deadline.  The Request for Exclusion Form will be included in the Notice Packet and in the same form as **Exhibit C**.  Completed Request

for Exclusion Forms must:

    a.    Contain the name, address, telephone number, and the last four digits of the Social Security number of the person requesting exclusion;

    b.    Clearly state that the Settlement Class Member does not wish to be included in the Settlement;

    c.    Be signed by the Settlement Class Member;

    d.    Be returned by mail to the Settlement Administrator at the specified address; and

    e.    Be postmarked on or before the Response Deadline.

The date of the postmark on the return mailing envelope shall be the exclusive means to determine whether a Request for Exclusion has been timely submitted. By submitting such a Request for Exclusion, a Settlement Class Member shall be deemed to have exercised his or her option to opt out of the Settlement and not be bound by this Agreement. Accordingly, a Settlement Class Member that timely submits a valid Request for Exclusion will not be entitled to any payments under this Settlement. A Settlement Class Member who does not request exclusion from the Settlement shall be deemed a Participating Class Member and will be bound by all terms of the Settlement, if the Settlement is granted final approval by the Court.

52. <u>Settlement Terms Bind All Settlement Class Members Who Do Not Opt-Out</u>. Any Settlement Class Member who does not affirmatively opt-out of the Settlement by submitting a timely and valid Request for Exclusion shall be bound by all of its terms, including those pertaining to the Released Claims, as well as any Judgment that may be entered by the Court.

53. <u>Objection Procedures</u>. Any Settlement Class Member who does not opt-out of this Settlement shall be entitled to object to the Settlement on or before the Response Deadline. The Notice of Objection must:

    a.    Contain the name, address, telephone number, and the last four

digits of the Social Security number of the person objecting to the Settlement;

b. Clearly state that the Settlement Class Member wishes to be included in the Settlement and does not wish to opt out of the Settlement;

c. State the basis for the objection;

d. Be signed by the Settlement Class Member;

e. Be returned by mail to the Settlement Administrator at the specified address (after which the Settlement Administrator shall be responsible for providing the Notice of Objection to the Parties); and

f. Be postmarked on or before the Response Deadline.

The date of the postmark on the return mailing envelope shall be the exclusive means to determine whether a Notice of Objection has been timely submitted.

54.    Notwithstanding any other term of this Settlement, all Settlement Class Members who do not opt-out from this Settlement will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court, at their own expense.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or appeal from the Order and Judgment.  Neither Class Counsel nor Defense Counsel shall represent any Settlement Class Members with respect to any such objections to this Settlement.  Any Settlement Class Member who opts-out of this Settlement shall not be allowed to object to this Settlement.  If any Settlement Class Member both submits a Request for Exclusion and objects, the Request for Exclusion shall be disregarded and the Settlement Class Member shall be deemed a Participating Class Member whose objection shall be addressed.

55.    Defendant's Right To Rescind.  If more than ten percent (10%) of the Settlement Class Members opt out of the settlement by submitting valid and timely

Requests For Exclusion, Defendant has the unilateral right in its sole and absolute discretion to rescind and void the Parties' Settlement by giving written notice to Class Counsel at least ten (10) business days prior to the final approval hearing.  The Parties agree that they will not encourage any Settlement Class Member to object to, or to opt out of, the Settlement.  In the event Defendant exercises this option to rescind, Defendant shall be solely responsible for all costs incurred by the Settlement Administrator up to the date of Defendant's notice to rescind.

56.   <u>Certification Reports Regarding Administration of Settlement</u>.  The Settlement Administrator shall provide Defendant's counsel and Class Counsel a weekly report that certifies the number of Settlement Class Members who have submitted valid Requests for Exclusion and Notices of Objection.   Additionally, the Settlement Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Settlement as needed or reasonably requested.

57.   <u>Distribution and Timing of Individual Settlement Payments</u>.  Within five (5) business days of Defendant funding the Gross Settlement Amount, the Settlement Administrator shall issue the following payments:

a.   Individual Settlement Payments to Participating Class Members;

b.   Class Representative Enhancement Payment to Plaintiff;

c.   Settlement Administration Costs to itself;

d.   The LWDA Payment to the LWDA;

e.   Class Counsel's Fee Award to Class Counsel; and

f.   Class Counsel's Cost Award to Class Counsel.

58.   <u>Uncashed Settlement Payment Checks</u>.  Any checks issued by the Settlement Administrator to Participating Class Members will be negotiable for one-hundred eighty (180) calendar days.  After one-hundred eighty (180) calendar days from the date of mailing, the checks shall become null and void, and any monies remaining in the distribution account shall be distributed to the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Civil Code § 1500 *et seq*., for

the benefit of those Settlement Class members who did not cash their checks until such time that they claim their property.  The Settling Parties agree that this disposition results in no "unpaid residue" under California Civil Procedure Code § 384, as the entire Net Settlement Amount will be paid out to Participating Settlement Class Members, whether or not they all cash their checks representing their Individual Settlement Payments.  In such event, those Participating Class Members will nevertheless remain bound by the Settlement.

59.     <u>Certification of Completion</u>.   Upon completion of administration of the Settlement, the Settlement Administrator shall provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

60.     <u>Administration Costs if Settlement Fails</u>.   If the Settlement does not ultimately receive Final Approval by the Court, or is voided or rescinded by Defendant, any costs incurred by the Settlement Administrator shall be borne by Defendant.

61.     <u>Administration of Taxes by the Settlement Administrator</u>.  The Settlement Administrator shall be responsible for issuing to Plaintiff, Participating Class Members, and Class Counsel, W-2 forms, 1099 forms, or other tax forms as may be required by law, for all amounts paid pursuant to this Agreement.

62.     <u>Tax Liability</u>.  Defendant makes no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiff and Participating Class Members are not relying on any statement, representation, or calculation by Defendant or by the Settlement Administrator in this regard.  Plaintiff and Participating Class Members understand and agree that they will be solely responsible for the payment of any taxes and penalties assessed on their respective payments described herein and will defend, indemnify, and hold Defendant free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages.

63.     <u>No Prior Assignments</u>.  The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any

liability, claim, demand, action, cause of action or right herein released and discharged.

## **APPROVAL OF SETTLEMENT**

64. <u>Nullification of Settlement</u>. In the event that the Settlement does not become a Final Judgment for any reason, then this Agreement, and any documents generated to bring it into effect, shall be null and void. Any order or judgment entered by the Court in furtherance of this Agreement shall likewise be treated as void from the beginning.

65. <u>Preliminary Approval Hearing</u>. Plaintiff shall obtain a hearing before the Court to request the Preliminary Approval of the Settlement, and the entry of a Preliminary Approval Order: (i) preliminarily approving the proposed Settlement and (ii) setting a date for a Final Approval/Settlement Fairness Hearing. The Preliminary Approval Order shall provide for the Notice Packet to be sent to all Settlement Class Members as specified herein. In conjunction with the Preliminary Approval hearing, Plaintiff shall submit this Agreement, which sets forth the terms of this Settlement, and will include the proposed Notice Packet, attached to this Agreement as **Exhibit A**.

66. <u>Final Settlement Approval Hearing</u>. Upon expiration of the Response Deadline, and with the Court's permission, a Final Approval/Settlement Fairness Hearing shall be conducted to determine the Final Approval of the Settlement along with the amounts properly payable for:

a.  Individual Settlement Payments;

b.  Class Representative Enhancement Payment;

c.  Settlement Administration Costs;

d.  LWDA Payment;

e.  Class Counsel's Fee Award; and

f.  Class Counsel's Cost Award.

Class Counsel will be responsible for drafting all documents necessary to obtain Final Approval. Class Counsel will also be responsible for drafting the attorneys' fees and costs application to be heard at the Final Approval Hearing.

67. <u>Entry of Judgment and Continued Jurisdiction</u>. Concurrent with the Motion

for Final Approval, the Parties shall also jointly seek the entry of Judgment consistent with the terms of this Agreement.  After entry of the Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-judgment matters as may be appropriate under court rules or as set forth in this Agreement.

## **MISCELLANEOUS PROVISIONS**

68.    <u>Exhibits Incorporated by Reference</u>.  The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Agreement are an integral part of the Settlement.

69.    <u>Confidentiality Preceding Preliminary Approval</u>.  The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount, or terms of the Settlement. Nothing in this Agreement shall limit communications between Plaintiffs or Class Counsel and absent class members.

70.    <u>Entire Agreement</u>.  This Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

71.    <u>Disputes Regarding This Agreement</u>. If the Parties have a dispute with regard to the language of the Agreement, the Parties agree to informally resolve the dispute by engaging Steve Pearl to mediate such dispute.  Any costs incurred as a result of retaining Mr. Pearl to resolve any such dispute shall be borne equally by Defendant and Plaintiff, unless otherwise specified in this Agreement.

72.    <u>Amendment or Modification</u>.  This Agreement may be amended or modified only by a written instrument signed by the Parties or their successors-in-interest.

73.    <u>Authorization to Enter Into Agreement</u>.  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to

negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties agree to informally resolve the dispute by engaging Steve Pearl to mediate such dispute.  Any costs incurred as a result of retaining Mr. Pearl to resolve any such dispute shall be borne equally by Defendant and Plaintiff, unless otherwise specified in this Agreement.

74.    Binding on Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

75.    California Law Governs.  All terms of this Agreement and Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

76.    Execution and Counterparts.  This Agreement is subject only to the execution of all Parties.  However, the Agreement may be executed in one or more counterparts.  All executed counterparts and each of them, including facsimile and scanned copies of the signature page, shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterparts.

77.    Acknowledgement that the Settlement is Fair and Reasonable.  The Parties believe this Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arms-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential.  The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and

DocuSign Envelope ID: 7BA345CD-5C84-4413-9B38-393A7122C071

reasonableness of this Agreement.

78.   <u>Invalidity of Any Provision</u>.   Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to find all provisions of this Agreement valid and enforceable.   Any invalid, illegal, or unenforceable provision determined by the Court shall in no way affect any other provision if Defendant and Class Counsel, on behalf of the Parties and the Settlement Class, mutually elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

79.   <u>Waiver of Certain Appeals</u>.   The Parties agree to waive appeals; except, however, that Plaintiff or Class Counsel may appeal any reduction in the Class Counsel's Fee or Cost Award below the amount Class Counsel requests, and either party may appeal any order that materially alters the Agreement's terms.

80.   <u>Captions</u>.   The captions and section numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Agreement.

81.   <u>Waiver</u>.   No waiver of any condition or covenant contained in this Agreement or failure to exercise a right or remedy by any of the Parties hereto shall be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

82.   <u>Mutual Preparation</u>.   The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement.   Accordingly, this Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

83.   <u>Representation By Counsel</u>.   The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this

Agreement, and that this Agreement has been executed with the consent and advice of counsel.  Further, Plaintiff and Class Counsel warrant and represent that there are no liens on the Agreement.

84.     Cooperation and Execution of Necessary Documents.   All Parties shall cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Agreement.

85.     Binding Agreement.  The Parties warrant that they understand and have full authority to enter into this Agreement, and further intend that this Agreement shall be fully enforceable and binding on all Parties, and agree that it shall be admissible and subject to disclosure in any proceeding to enforce its terms.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Class Action and Settlement Release Between Plaintiff and Defendant as of the date(s) set forth below:

**[SIGNATURE PAGE FOLLOWS]**

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

## SIGNATURES

## READ THE ENTIRE AGREEMENT CAREFULLY BEFORE SIGNING

### PLAINTIFF

Dated: 3/16/2020 _____, 2020 _____

Plaintiff Robert Quintero


### DEFENDANT:
MILLER MILLING COMPANY, LLC

Dated:  4/1 __, 2020 _____

_____
Takuya Mitani, CEO
Please Print Name of Authorized Signatory


### APPROVED AS TO FORM

Dated:      March 16, 2020      **KING & SIEGEL LLP**

_____
Julian Burns King
Elliot J. Siegel
Attorneys for Plaintiff Robert Quintero


DATED:      April 1, 2020      **DORSEY & WHITNEY LLP**

_____
Gabrielle Wirth
Nisha Verma
Attorneys for Defendant
Miller Milling Company, LLC

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

# EXHIBIT A

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

**TO UNDERSTAND YOUR RIGHTS, PLEASE READ THIS NOTICE CAREFULLY.**

You have received this Notice of Class Action Settlement because Miller Milling Company, LLC records show you are what is called a "Class Member," and therefore entitled to a payment from this class action settlement ("Settlement") in the action styled as *Robert Quintero v. Miller Milling Company.*, C.D. Cal. Case No. 2:19-CV-07459-DMG-JC, originally filed in Los Angeles Superior Court on July 26, 2019, Case No. 19STCV26093, and removed to the United States District Court, Central District Of California, Western Division on August 28, 2019 (hereinafter, the "Action.").

Class Members are all individuals who are or previously were employed by Miller Milling Company, LLC as non-exempt employees in California in either the mill, maintenance, or sanitation departments at any time during the period from July 26, 2015 to February 28, 2020 ("Class Period"). The Settlement provides for Individual Settlement Payments based on the weeks you actually performed work for Miller Milling Company, LLC ("MMC" or "Defendant") in California as a non-exempt employee.

| OVERVIEW OF YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
| --- | --- |
| **IF YOU DO NOTHING** | You will automatically receive an Individual Settlement Payment in exchange for which, whether or not you cash or deposit the payment, you will be bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement receives final approval by the Court, and you will give up your rights to be part of any other lawsuit against Defendant and/or the Released Parties involving the same or similar legal claims as the ones in the Action for the Class Period.  You will be mailed a settlement check at the address where this Notice was mailed (unless you timely provide a forwarding address to the Settlement Administrator). |
| **IF YOU EXCLUDE YOURSELF** | The only way for you to be part of any other lawsuit against Defendant involving the same or similar legal claims as the ones in the Action for the Class Period is to submit a valid Request for Exclusion to the Settlement Administrator postmarked no later than **[35 days from date of mailing]**. If you submit a Request for Exclusion, you will not receive an Individual Settlement Payment. |
| **IF YOU OBJECT** | If you wish to object to the Settlement, you must submit a written Objection, and supporting papers, to the Settlement Administrator that is postmarked or fax stamped no later than **[35 days from date of mailing]**. This option is available only if you do not exclude yourself. |

These rights and options, and how to exercise them, are explained in more detail in this notice.

Additional information regarding the Settlement is available through the Settlement Administrator or Class Counsel, whose contact information is provided in this notice.

## BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

On [INSERT DATE], the United States District Court, Central District Of California, Western Division ("the Court") preliminarily approved a class action settlement of the Action on behalf of all individuals who are or previously were employed by Miller Milling Company, LLC as non-exempt employees for Defendant in California in either the mill, maintenance, or sanitation departments at any time during the period from July 26, 2015 to February 28, 2020. According to Defendant's records, you are a Member of the Settlement Class. This notice explains the Action, the Settlement, and your legal rights.

| 2. | What is the Action about? |
|---|---|

The Action generally involves claims under California's wage and hour laws. Plaintiff is a former non-exempt "utility" employee of MMC. Plaintiff claims that MMC failed to pay minimum wages, failed to pay overtime wages, failed to provide adequate meal and rest periods, failed to pay meal and rest period premiums, failed to provide complete and accurate wage statements, failed to pay wages when due, and failed to maintain accurate payroll records. As a result, Plaintiff alleges that he and the Class Members are entitled to recover unpaid wages, meal and rest period premiums, interest, and statutory and civil penalties.

Defendant denies Plaintiff's claims and contends that it complied with all applicable laws. Specifically, Defendant contends that it correctly compensated Plaintiff, Class Members, and aggrieved employees; provided Plaintiff and Class Members with proper meal and rest periods; provided Plaintiff and Class Members with compliant wage statements; and maintained all required records for Plaintiff and Class Members.

Defendant has entered into the Settlement solely for purposes of resolving this dispute. However, Plaintiff and Defendant believe that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Class Members.

| 3. | Why is this lawsuit a class action? |
|---|---|

In a class action, one or more people called "Plaintiff(s)" (in this case, Robert Quintero) sue on behalf of people who have similar alleged claims. All of these people are a "class" or "class members." The Court resolves the issues alleged in this Action for all Class Members, except for those who exclude themselves from the class. On [insert date], the Honorable Judge Dolly M. Gee issued an order conditionally certifying the Settlement Class for purposes of settlement only.

| 4. | Who is in the Settlement Class? |
|---|---|

"Class Members" or "Class" means all non-exempt employees who were employed by MMC in California and performed work in either the mill, maintenance, or sanitation departments at any time from July 26, 2015 to February 28, 2020.

| 5. | Why is there a settlement? |
|---|---|

After conducting a substantial investigation, including review of Defendant's policies, payroll records and personnel files, both sides agreed to the Settlement to avoid the cost, risk, and delay of further litigation with the assistance of a mediator.

Class Counsel have investigated and researched the facts and circumstances underlying the issues raised in this case and the applicable law. While Class Counsel believe Plaintiff's claims in this lawsuit have merit, Class Counsel also believes that the risk and expense of continued litigation justify settlement. Because of this, Class Counsel believes the proposed Settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

Defendant has strongly denied, and continues to deny, Plaintiff's factual and legal allegations. By agreeing to settle, Defendant is not admitting liability on any of the factual or legal allegations or claims in this case or that this case can or should proceed as a class action.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 6. | What does the settlement provide? |
|---|---|

Under the terms of the Settlement, Defendant agrees to pay a "Gross Settlement Amount" of $500,000. Deducted from this Gross Settlement Amount will be sums approved by the Court for attorneys' fees (not to exceed $165,000, or 33% of the Gross Settlement Amount), attorneys' recoverable litigation costs (not to exceed $20,000), Class Representative Service Award to Plaintiff for his services (not to exceed $7,500), a payment of $15,000 to the State of California Labor and Workforce Development Agency for alleged penalties, and the fees and expenses of the Settlement Administrator (estimated not to exceed $10,000), which will result in a net amount payable by Defendant for distribution to Class Members who do not opt out (the "Net Settlement Amount").

Unless you choose not to participate in the Settlement (in other words, you choose to "opt out") by following the procedures described below, you will be a Participating Class Member and will receive a share of the Settlement Payment (the "Individual Settlement Payment"). If you do nothing, you will receive an Individual Settlement Payment. Each Participating Class Member's Individual Settlement Payment will be decided as follows:

Each Class Member shall receive a proportionate settlement share based upon the total number of workweeks he/she worked during the Class Period.

**Individual Settlement Payment = (Class Member Individual Workweeks ÷ Class Workweeks)**

Participating Class Members' Individual Settlement Payments will be reduced by any required legal deductions. No benefit, including but not limited to pension benefits and/or 401(k), shall increase or accrue as a result of any payment made as a result of this Settlement.

The Parties recognize that Participating Class Members' Individual Settlement Payments are for wages, interest, and penalties. The Parties agree that one-third (1/3) of the Individual Settlement Payments shall be reported as wages subject to all applicable tax withholdings on IRS Form W¬2 and its state and local equivalents, and two-thirds (2/3) shall be reported as penalties, reimbursement, and interest, for which an IRS Form 1099 shall be issued.

The Parties are neither providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to any settlement amounts to be paid to the Participating Class Members. Each Participating Class Member will assume any tax obligations or consequences that may arise from any settlement amount paid to him or her and should consult with a tax expert if he or she has any questions. Each Participating Class Member's pro rata distribution amount prior to legal deductions will be reduced by the amount of any required payroll-related deductions.

Once the Court grants Final Approval of this Settlement, Plaintiff's Class Representative Service Awards, the payment to Class Counsel for their awarded attorneys' fees, costs and expenses, and the Individual Settlement Payments to Participating Class Members will be made within 15 calendar days following the date that the Settlement becomes final (i.e., the "Effective Date").

## Your Workweeks and Estimated Individual Settlement Payment:

According to Defendant's records, you are estimated to have worked <<Workweeks>> Workweeks during the Class Period.

Based on your number of Workweeks, your estimated Individual Settlement Payment is <<EstSettPayment>>. Please note that this is only an estimate; your actual payment may be greater or smaller than the amount reported above.

## Procedure for Disputing Information

If you wish to dispute the number of estimated workweeks attributed to you as listed above, you must mail a letter to the Settlement Administrator stating the reasons why you dispute your number of estimated workweeks and provide any supporting documentation that you have (e.g., paystubs). Your letter should also include the estimated number of weeks that you claim to have performed work for Defendant as a non-exempt employee in California during the Class Period.

Any disputes and supporting documentation must be mailed to the Settlement Administrator at the address listed below by First Class U.S. Mail, postmarked no later than [Response Deadline].

| [Administrator] |
| :---: |
| Address] |
| [City, State Zip] |

Defendant's records regarding the number of estimated workweeks will be presumed correct, unless you provide documentation to the Settlement Administrator that establishes otherwise. The Settlement Administrator will evaluate the evidence submitted by you and will make the final decision as to the number of estimated workweeks that should be applied and/or the Individual Settlement Payment to which you may be entitled.

**DO NOT SEND ORIGINALS; DOCUMENTATION SENT TO THE CLAIMS ADMINISTRATOR WILL NOT BE RETURNED OR PRESERVED.**

### HOW TO GET A SETTLEMENT PAYMENT

| 7. | What do I need to do to receive a payment? |
|----|---------------------------------------------|

If you take no action, you will automatically receive an Individual Settlement Payment in the estimated amount of <<EstSettPayment>>. You will be mailed a settlement check at the address where this notice was mailed (unless you timely provide a forwarding address to the Settlement Administrator).

| 8. | When will I get my check? |
|----|---------------------------|

The amounts for the Individual Settlement Payments to Participating Class Members will be tendered to the Settlement Administrator within 10 days following the Effective Date. Then, five days after the Effective Date, the Settlement Administrator will issue checks for the Individual Settlement Payments to Participating Class Members.

Please also be advised that you will only have 180 days from the date that the check is issued to cash it. If you do not cash your check within 180 days of the date of its issuance, your Individual Settlement Payment shall be voided, and your share shall be distributed to the Controller of the State of California to be held pursuant to the Unclaimed Property Law, California Civil Code § 1500 et seq., until such time that you claim the property.

| 9. | What am I giving up in exchange for the settlement benefits? |
|----|--------------------------------------------------------------|

In exchange for the payment provided, Plaintiff and each Class Member who does not submit a valid Request for Exclusion will release Defendant, and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, and assigns, as well as all past and present officers, directors, employees, partners, shareholders and agents, attorneys, insurers, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims or causes of action, including for damages, wages, benefits, expenses, penalties, debts, rights, demands, liabilities, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, which were alleged in the Action or which could have been alleged based on the facts alleged in the Action, including but not limited to the following:

    a.   All claims for failure to provide meal period premiums or failure to provide meal periods under the Labor Code or the applicable wage order(s) that accrued during the Claims Period;

    b.   All claims for failure to pay rest period premiums or failure to authorize and permit rest periods under the Labor Code or the applicable wage order(s) that accrued during the Claims Period;

    c.   All claims for unpaid wages, failure to pay minimum wage, failure to pay overtime, and any other claim for failure to pay wages under the Labor Code or the applicable wage order(s), any claim for failure to pay wages at the agreed upon rate under Labor Code 221 to 223 during the Claims Period.

    d.   All claims for failure to timely pay wages and/or waiting time penalties pursuant to Labor Code §201 to 204 that accrued during the Claims Period;

    e.   All claims for failure to maintain records under the Labor Code or the applicable wage order(s), including under Labor Code 1174, which accrued during the Claims Period;

    f.   All claims for failure to issue adequate wage statements, whether for any penalty or wage, pursuant to Labor Code §226 that accrued during the Claims Period;

    g.   All claims for penalties under the California Private Attorneys' General Act based on the aforementioned alleged Labor Code violations;

    h.   All claims for unfair business practices under Business and Professions Code §17200 based on the aforementioned alleged Labor Code violations; and

    i.   Any other claims arising, or which could have arisen, from the operative facts alleged in Plaintiff's Complaint filed on July 26, 2019.

<u>**EXCLUDING YOURSELF FROM THE SETTLEMENT**</u>

| **10.** | **How do I ask the Court to exclude me from the Settlement Class?** |
|---|---|

If you do not wish to participate in the Settlement (i.e., "opt out"), you must complete and send a timely "Request for Exclusion" form, which is included with this Notice. The Request for Exclusion must be completed, signed, dated and mailed by First Class U.S. Mail, or the equivalent, postmarked or facsimiled no later than [35 days from date of mailing] to:

<b>[INSERT INFO]</b>

Requests for Exclusion that do not include all required information and/or that are not timely submitted will be deemed null, void, and ineffective. Class Members who fail to submit a valid and timely Request for Exclusion on or before [35 days from date of mailing] shall be bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement is approved by the Court.

**11.    If I exclude myself, can I get anything from the settlement?**

No.  If you exclude yourself now you will <u>not</u> get anything from the Settlement.  If you ask to be excluded, you will not get a settlement payment and you will not be bound by the Settlement.

**12.    If I don't exclude myself, can I sue later?**

No.  Unless you exclude yourself, you give up the right to sue Defendant for the Released Claims listed above arising during the Class Period.  You must exclude yourself from the Settlement Class to start or continue your own lawsuit.

## <u>THE LAWYERS REPRESENTING YOU</u>

**13.    Do I have a lawyer in this case?**

The Court has appointed the following lawyers to serve as Class Counsel for the Class Members:

> JULIAN BURNS KING (SBN 298617)
> **KING & SIEGEL LLP**
> 724 S. Spring Street, Ste. 201
> Los Angeles, CA 90014
> julian@kingsiegel.com
> tel: (213) 465-4802
>
> ELLIOT J. SIEGEL (SBN 286798)
> **KING & SIEGEL LLP**
> 724 S. Spring Street, Ste. 201
> Los Angeles, CA 90014
> elliot@kingsiegel.com
> tel: (213) 465-4802

**14.    How will the costs of the lawsuit and the settlement be paid?**

Subject to court approval, Defendant agrees to pay, as part of the Gross Settlement Amount, up to $165,000 (or 33% of the Gross Settlement Amount), in attorneys' fees plus actual litigation costs and expenses (not to exceed $20,000) to Class Counsel.  The Court may award less than these amounts.  If lesser amounts are awarded, the difference will be returned to the Net Settlement Amount and will be available for distribution to Participating Class Members.

In addition, and subject to Court approval, Defendant also agrees to pay, as part of the Gross Settlement Amount, up to $7,500 to the Plaintiff as a Class Representative Service Award for his participation in the Action and for taking on the risk of litigation.  Subject to Court approval, Defendant also agrees to pay $15,000 to the State of California Labor and Workforce Development Agency for alleged civil penalties.  Defendant also agrees to pay, as part of the Gross Settlement Amount, the Settlement Administrator's costs and fees associated with administering the Settlement, estimated not to exceed $10,000.

## OBJECTING TO THE SETTLEMENT

| **15.** | **How do I object to the Settlement?** |

Any Class Member who does not submit a Request for Exclusion may object to the proposed Settlement, or any portion thereof, by completing a written objection ("Objection"). The Objection must be signed and mailed by regular U.S. Mail postmarked or facsimiled to the Settlement Administrator no later than [**35 days from date of mailing**] at the following address:

**[SETTLEMENT ADMINISTRATOR]**
**[INSERT INFO]**

To be valid, your Objection must:

      a.    Contain your name, address, telephone number, and the last four digits of your Social Security;

      b.    State that you wish to be included in the Settlement and do not wish to opt out of the Settlement;

      c.    State the basis for your objection;

      d.    Have your signature.

| **16.** | **What's the difference between objecting and asking to be excluded?** |

Objecting is simply telling the Court you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend the hearing and you may ask to speak, but you don't have to.

| **17.** | **When and where will the Court decide whether to approve the settlement?** |

The Court will hold a Final Approval Hearing on [**insert time/date/location**]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are Objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

| **18.** | **Do I have to come to the hearing?** |

No. Class Counsel will answer any questions the judge may have. But you may attend if you choose. If you send an Objection, you don't have to come to Court to talk about it. As long as you mailed your Objection on time, the Court will consider it. You may also pay another lawyer to attend, but it is not required. Class Counsel will not represent you in connection with any Objection.

**19.     May I speak at the hearing?**

If a Class Member wishes to appear at the Final Approval Hearing and orally present his or her objection to the Court they may do so regardless of whether or not they submitted a written objection.

## IF YOU DO NOTHING

**20.     What happens if I do nothing at all?**

If you do nothing, you will automatically receive an Individual Settlement Payment as described above and you will be bound by the release described in this Notice.

## GETTING MORE INFORMATION

**21.     How do I get more information?**

This notice summarizes the Settlement.  More details are in the Settlement.  You may contact Class Counsel or the Settlement Administrator for more information. You may reach Class Counsel at the following information:

**KING & SIEGEL LLP**
724 S. Spring Street, Ste. 201
Los Angeles, CA 90014
tel: (213) 465-4802
email: info@kingsiegel.com

You may also view documents filed in this case, including the complete Settlement Agreement, on the Court's website at [**insert website**].

You may also review documents in person at

**[SETTLEMENT ADMINISTRATOR]**
**[INSERT INFO]**

# EXHIBIT B

This **SETTLEMENT AND GENERAL RELEASE AGREEMENT** ("Agreement") is made and entered into by and between Robert Quintero ("Quintero") and Miller Milling Company, LLC ("MMC").  MMC and Quintero shall hereinafter be collectively referred to as the "Parties."

## RECITALS

A.     Quintero was employed by MMC for a period of time.

B.     On or about July 26, 2019, Quintero filed in the Superior Court of the State of California for the County of Los Angeles a complaint against MMC entitled *Robert Quintero v. Miller Milling Company, LLC*, Case No. 19STCV26093, which was removed by MMC to the United States District Court, Central District Of California, Western Division on August 28, 2019, Case No. 2:19-CV-07459-DMG-JC, alleging the following claims:  (1) Failure To Pay Minimum Wages; (2) Failure To Pay Overtime Wages; (3) Failure To Provide Meal And Rest Periods Or Premium Pay In Lieu Thereof; (4) Failure To Provide Complete And Accurate Wage Statements; (5) Failure To Pay Wages When Due; (6) Failure To Maintain Accurate Payroll Records; (7) Private Attorneys General Act Penalties; and (8) Unfair Competition (hereinafter, the "Complaint").

C.     In December 2019, the Parties attended a mediation with Steve Pearl and reached a resolution of Quintero's Complaint.  The Parties agreed to settle the Action and enter into the Class Action Settlement Agreement and Release ("Settlement").  All capitalized terms not otherwise defined herein shall be defined as they are in the Settlement.

D.     Pursuant to the Settlement, Quintero is entitled to a Class Representative Enhancement Payment, in exchange for his release of all claims against MMC.

E.     Quintero represents that he has discussed all aspects of his claims and this Agreement with Quintero's counsel, has been fully advised by Quintero's counsel as to his rights, understands that he is waiving significant legal rights by signing this Agreement, and enters into this Agreement voluntarily, with a full understanding of and agreement with all of its terms.

## AGREEMENT

**NOW, THEREFORE,** for and in consideration of the execution of this Agreement and the mutual covenants and promises contained in the following paragraphs, the Parties agree as follows:

1.     **Effective Date of this Agreement**.  This Agreement shall be become effective as of the Effective Date of the Settlement.

2.     **Class Representative Enhancement Payment**.  Provided the Court enters Final Approval of the Settlement, Quintero will be entitled to a one-time payment of $7,500 as a Class Representative Enhancement Payment, in addition to his Individual Settlement Payment, pursuant to the timeline outlined in the Settlement.  An IRS Form 1099 shall be issued for this amount, and no withholdings shall be made.

3.    **Release by Quintero**.  Quintero intends to settle any and all claims that he has or may have against MMC.  Therefore, Quintero, on behalf of himself, his spouse, partner, successors, heirs, and assigns, insurers, hereby forever relieves, releases, and discharges MMC and any Released Parties from any and all claims, damages, actions, and causes of action, of whatever kind or nature, including but not limited to any statutory, civil, administrative, or common law claims, whether known or unknown, suspected or unsuspected, fixed or contingent, apparent or concealed, arising out of any act or omission occurring before the Effective Date of the Settlement, including but not limited to any claims which were or could have been alleged in the Complaint; any claims based on, arising out of, or related to Quintero's employment with MMC; any claims for physical or emotional injuries; claims for violation of federal, state or local laws that prohibit harassment, discrimination, or retaliation on the basis of race, national origin, religion, gender, age, marital status, bankruptcy status, disability, perceived disability, ancestry, sexual orientation, family and medical leave, or any other form of harassment, discrimination, or retaliation or related causes of action; statutory or common law claims of any kind, including but not limited to those arising under:

a.     Title VII of the Civil Rights Act of 1964, the Americans with Disability Act of 1990, as amended, the California Family Rights Act (Cal.  Govt.  Code § 12945.2 et seq.), the California Fair Employment and Housing Act (Cal.  Govt.  Code § 12900 et. seq.);

b.     California Labor Code, including for penalties under Labor Code § 2699, et. seq., and the Fair Labor Standards Act, the Employee Retirement Income Security Act of 1971, as amended;

c.     Any statutory provision regarding retaliation/discrimination including retaliation prohibited by Labor Code §§ 1102.5, 232.5, and 132(a), the Occupational Safety and Health Act, as amended, the Sarbanes-Oxley Act of 2002;

d.     Contract, tort, and property rights, breach of contract, breach of implied-in-fact contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract or current or prospective economic advantage, fraud, deceit, invasion of privacy, unfair competition, misrepresentation, defamation, wrongful termination, tortious infliction of emotional distress (whether intentional or negligent), breach of fiduciary duty, violation of public policy, or any other common law claim of any kind whatsoever; any claim for damages or declaratory or injunctive relief of any kind;

e.     Any common law claims whatsoever, claims for equity, stock options or any other benefits; and

f.     Any amounts allegedly due as wages, benefits, penalties or damages as a result of the employment relationship.

Quintero understands that nothing contained in this Agreement, including but not limited to this Paragraph, will be interpreted to prevent Quintero from filing a charge with the

Equal Employment Opportunity Commission ("EEOC") or any other governmental agency, or from participating in or cooperating with an EEOC or other governmental agency investigation or proceeding.  However, Quintero agrees he is waiving the right to monetary damages or other individual legal or equitable relief awarded as a result of any such filing.

4.    **Section 1542 of the California Civil Code**.  Quintero expressly waives any and all rights and benefits conferred upon him by Section 1542 of the California Civil Code, which states as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**

Accordingly, Quintero knowingly, voluntarily and expressly waives any rights and benefits arising under Section 1542 of the California Civil Code and any other statute or principle of similar effect.

5.    **No Other Pending Claims**.  Other than the Complaint, Quintero represents and warrants that he does not presently have on file any claims, charges, grievances, actions, appeals, or complaints against any Released Party, in or with any administrative, state, federal, or governmental entity, agency, board, or court, or before any other tribunal or arbitration, public or private, based upon any actions occurring prior to the date of this Agreement...

6.    **Severability**.  Quintero agrees that if any provision of the release given by him under this Agreement is found to be unenforceable or illegal, it will not affect the enforceability of the remaining provisions and the courts may enforce all remaining provisions to the extent permitted by law.

7.    **Modification**.  The Parties agree that no waiver, amendment, or modification of any of the terms of this Agreement shall be effective unless in writing and signed by all Parties affected by the waiver, amendment, or modification.  No waiver of any term, condition, or default of any term of this Agreement shall be construed as a waiver of any other term, condition, or default.

8.    **Choice of Law**.  The Parties agree that this Agreement shall be construed under California law.

9.    **Successors and Assigns**.  It is expressly understood and agreed by the Parties that this Agreement and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

10.   **Drafting**.  The Parties agree that this Agreement has been mutually drafted by the Parties, and therefore shall be construed without regard to the drafter of the same and shall be

DocuSign Envelope ID: 7BA345CD-5C84-4413-9B38-393A7122C071

construed as though each party to this Agreement participated equally in the preparation and drafting of this Agreement.

11. **Headings**.  The headings in each Paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

12. **Counterparts**.  This Agreement may be executed in separate counterparts and each such counterpart shall be deemed an original with the same effect as if all Parties had signed the same document.  A facsimile signature shall have the same force and effect as an original, provided that original signatures are subsequently provided to MMC.

13. **Authority to Enter Into Agreement**.  Each Party represents and warrants that, as of the date of the execution of this Agreement, she, he, or it has the right and authority to execute this Agreement.

**PLEASE READ CAREFULLY.  THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.  QUINTERO AGREES TO THE TERMS OF THIS AGREEMENT AND VOLUNTARILY AND KNOWINGLY ENTERS INTO IT WITH THE INTENT TO BE BOUND THEREBY.  QUINTERO AGREES THAT HE HAS READ AND UNDERSTANDS THE AGREEMENT AND UNDERSTANDS THAT HE IS GIVING UP IMPORTANT RIGHTS.   QUINTERO ACKNOWLEDGES THAT HE HAS OBTAINED SUFFICIENT INFORMATION TO INTELLIGENTLY EXERCISE HIS OWN JUDGMENT AND HAS BEEN ADVISED THAT HE SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

Dated: 3/16/2020 _____

_____
Robert Quintero

Dated: 4/1/2020 _____

_____
Miller Milling Company, LLC

By: _____

Its: _____

# EXHIBIT C

## REQUEST FOR EXCLUSION FORM

**United States District Court, Central District of California**
***Quintero v. Miller Milling Company, LLC*, Case No. 2:19-cv-07459-DMG-JC**

*If you want to receive an Individual Settlement Award, you should <u>not</u> fill out this form; you are <u>not</u> required to do anything at this time.  This form is to be used <u>only</u> if you want to exclude yourself from the Settlement.*

If you exclude yourself from the Settlement:  (1) you will not receive any payments or benefits under the Settlement; (2) you will not be able to object to the Settlement; (3) you will not be bound by the Settlement if it is ultimately approved by the Court; and (4) you may pursue any claims which are asserted in the Action, or included in the Released Claims, that you have against Miller Milling Company, LLC ("Defendant") by filing your own lawsuit.

**To be excluded from the Settlement, complete this Request for Exclusion Form and mail it to the Settlement Administrator at the address listed below, postmarked no later than [Response Deadline].**

**[SETTLEMENT ADMINISTRATOR]**
**[INSERT INFO]**

### Request for Exclusion

I hereby certify that I am or was employed by Defendant as non-exempt employee in California and performed work in either the mill, maintenance, or sanitation departments at any time from July 26, 2015 until February 28, 2020.

I have received the Notice of Class Action Settlement ("Notice") in the Action captioned above, and I request to be excluded from the Settlement.  I understand that by submitting this Request for Exclusion Form, I will not receive any money or other benefits under the Settlement, and I will not be bound by the Settlement, including the release of Released Claims, as described in the Notice and in the Settlement Agreement on file with the Court.

Please print legibly:

Full Name:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Last Four Digits of Class Member's Social Security Number:_____

Signature of Class Member (or Legal Representative):_____

Date:_____