**JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINTERO, individually and on behalf of all similarly situated individuals,<br><br>            Plaintiff,<br><br>      vs.<br><br>MILLER MILLING COMPANY, LLC, a corporation, and Does 1-10, inclusive,<br><br>            Defendants. | Case No.: CV 19-7459-DMG (JCx)<br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [27] AND MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE PAYMENT [25]; FINAL JUDGMENT** |

1    This matter is before the Court on Plaintiff Robert Quintero's ("Plaintiff")

2 motion for final approval of the proposed class action settlement.  Defendant Miller

3 Milling Company, LLC ("Miller" or "Defendant") and Plaintiff, individually and on

4 behalf of the proposed settlement class, have entered into a stipulated Settlement

5 Agreement and Release ("Settlement Agreement") that fully and finally resolves this

6 action.  Having considered the motion for final approval, and the motion for attorneys'

7 fees, costs, and class representative incentive payment, the Settlement Agreement, and

8 the briefs and oral arguments in this matter, **IT IS HEREBY ORDERED as follows**:

9    1.    **Adequacy of Representation.**  King & Siegel LLP and Plaintiff Robert

10 Quintero have fully and adequately represented the Class for purposes of entering into

11 and implementing the Settlement.

12    2.    **Adequacy of Notice.** The Court finds that the Class Notice and its

13 distribution to Class Members, along with the follow-up measures set forth in the

14 settlement:

15    (a)    were executed pursuant to the Settlement and the Court's Order granting

16        preliminary approval to the Settlement;

17    (b)    constituted the best practicable notice to Class Members under the

18 circumstances of the action;

19    (c)    constituted    notice    that    was    reasonably    calculated,    under    the

20 circumstances, to apprise Class Members of:  (i) the pendency of the Action; (ii) the

21 terms and conditions of the settlement, their rights under the Settlement, and

22 instructions on how and when to submit a dispute regarding workweek calculations

23 and individual settlement shares; (iii) their right to exclude themselves from the Class

24 and the proposed Settlement; (iv) their right to object to any aspect of the proposed

25 Settlement; (v) their right to appear at the Final Approval and Fairness Hearing if they

26 did not exclude themselves from the Class; and (vi) the binding effect of the Orders in

27 the Action, whether favorable or unfavorable, on all persons who do not request

28 exclusion from the Class; and

1

1    (d)    constituted notice that fully satisfied the requirements of Federal Rule of

2  Civil Procedure 23(e) and due process.

3    3.    **Final Settlement Approval.**  Federal Rule of Civil Procedure 23(e)(2)

4  requires the Court to determine whether the Settlement Agreement is "fair, adequate,

5  and reasonable." The Court may consider the following factors in evaluating the

6  Settlement Agreement under this standard:  "the strength of plaintiffs' case; the risk,

7  expense, complexity, and likely duration of further litigation; the risk of maintaining

8  class action status throughout the trial; the amount offered in settlement; the extent of

9  discovery completed and the stage of proceedings; the experience and views of

10  counsel; the presence of a governmental participant; and the reaction of the class

11  members to the proposed settlement." *Officers for Justice v. Civil Serv. Comm'n*, 688

12  F.2d 615, 625 (9th Cir. 1982); *accord Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370,

13  1375 (9th Cir. 1993).

14    4.    The Court finds that the Settlement Agreement is fair, adequate, and

15  reasonable in light of these factors. First, the Settlement reflects the strength of

16  Plaintiffs' case as well as Defendants' position.  This Court has been "exposed to the

17  litigants and their strategies, positions and proof," *Hanlon v. Chrysler Corp.*, 150 F.3d

18  1011, 1026 (9th Cir. 1988), and finds that the judicial policy favoring the compromise

19  and settlement of class action suits is applicable here.  *See Class Plaintiffs v. City of*

20  *Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  The parties reached a settlement after

21  arm's length negotiations by capable counsel, aided by an experienced mediator, which

22  indicates that it was not the product of fraud, overreaching, or collusion among the

23  parties.

24    5.    Second, the risks, expense, complexity, and likely duration of further

25  litigation also support approval of the Settlement.  Even if the Court granted Plaintiff's

26  motion for class certification of the selected claims, Plaintiff still would have faced the

27  inherent risks associated with Defendant's motion for summary judgment, trial, and

28  appeals.    Defendant  contested  liability  and  Plaintiff's  ability  to  certify  a  class

2

1  throughout the litigation, and does not concede these issues by agreeing to the instant

2  settlement. Mot. for Final Approval at 9 [Doc. # 27]. The settlement permits the parties

3  to avoid the uncertainties associated with litigating contested and complex issues.

4      6.      Third, the extent of discovery completed also supports approval. Class

5  Counsel reviewed all materials that would have been necessary to evaluate the value

6  of the claims for the Class Members, including all policies and summary payroll data

7  for all Class Members. Accordingly, the parties have ample information with which

8  to weigh the relative merits of settlement and continued litigation.

9      7.      Fourth, the consideration provided, a Settlement Fund of $500,000, is

10  substantial, and the parties have structured the benefits to maximize the benefits to the

11  Settlement Class. Plaintiff and his expert estimate that the total value of the class

12  claims is $1.3 million. A Settlement Fund of $500,000 constitutes approximately 40%

13  of that amount. Given that the Ninth Circuit has held that settlement funds amounting

14  to "a fraction" of the potential recovery may be reasonable, *Linney v. Cellular Alaska*

15  *P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998), the Court concludes that the Settlement

16  Amount's fund is no cause for concern. Moreover, Class Members will receive an

17  average of nearly $2,200—a significant individual share.

18      8.      Fifth, the views of Plaintiff's and Defendant's Counsel, who are

19  experienced in litigating and settling employment cases and class actions, and have

20  determined that the settlement is appropriate, weigh in favor of final approval. *See*

21  *Linney v. Cellular Alaska P'Ship*, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997),

22  *aff'd*, 151 F.3d 1234 (9th Cir. 1998). King Decl. at ¶¶ 3-11, 19.

23      9.      Finally, the reaction of the Settlement Class Members supports final

24  approval of the Settlement. The fact that none of the 133 Class Members have opted

25  out of the Class weighs strongly in favor of final approval. *See Rodriguez v. West*

26  *Publishing Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (low number of objections

27  supports fairness of settlement).

28

3

1    10.    The Court, therefore, finds that the Settlement Agreement is in the best

2    interests of Settlement Class Members, is fair, reasonable, and adequate within the

3    meaning of Federal Rule of Civil Procedure 23, and **GRANTS** final approval of the

4    Settlement Agreement and all of the terms and conditions contained therein.

5    11.    **Binding Effect.**  The terms of the Settlement and this Order are binding

6    on Plaintiff and the Class members, as well as their heirs, executors and administrators,

7    successors and assigns, and those terms shall have preclusive effect in all pending and

8    future claims, lawsuits or other proceedings maintained by or on behalf of any such

9    persons, to the extent those claims, lawsuits or other proceedings involve matters that

10    were or could have been raised in this Action and are encompassed by the release of

11    Released Claims set forth in the settlement.

12    12.    **Released Claims.**  Upon full and final payment by Defendant of the Gross

13    Settlement Amount, the Plaintiff and each Class Member shall be deemed to have fully,

14    finally, and forever released all Released Claims, as defined in the Settlement

15    Agreement.

16    13.    **Enforcement.**  Nothing in this Order shall preclude any action to enforce

17    the terms of the Settlement.

18    14.    **Modification of Settlement.**  The Parties are hereby authorized, upon

19    approval of the Court, to agree to and adopt such amendments to, and modifications

20    and expansions of, the Settlement, as are in writing and signed by the Parties' counsel

21    and are consistent with this Final Order and do not limit the rights of Class Members

22    under the Settlement.

23    15.    **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final

24    Order and Final Judgment.  This Court expressly retains jurisdiction as to all matters

25    relating to the administration, consummation, enforcement and interpretation of the

26    settlement and of this Final Order and Final Judgment.

27    16.    **No Admissions.**  Neither this Final Order, Final Judgment, nor the

28    Settlement Agreement (nor any other document referred to here, nor any action taken

4

1  to carry out this Final Order and Final Judgment) is an admission or concession by or

2  against Defendant of the validity of any claim or any actual or potential fault,

3  wrongdoing or liability.  Entering into or carrying out the settlement, and any

4  negotiations or proceedings related to it, shall not be construed as, or deemed to be

5  evidence of, an admission or concession as to Defendant's denials or defenses and shall

6  not be offered or received in evidence in any action or proceeding against any party

7  hereto in any court, administrative agency or other tribunal for any purpose

8  whatsoever, except as evidence of the settlement or to enforce the provisions of this

9  Final Order and the Settlement; provided, however, that this Final Order, Final

10  Judgment, and the settlement may be filed in any action against or by Defendant to

11  support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith

12  settlement, judgment bar or reduction, full faith and credit, or any other theory of claim

13  preclusion, issue preclusion or similar defense or counterclaim.

14        17.  **Final Certification of Settlement Class.**  The Court preliminarily found

15  class certification appropriate under Federal Rule of Civil Procedure 23.  [Doc. # 24.]

16  For the reasons set forth below, the Court finds final certification of the Settlement

17  Class defined as follows:

18          "Class Members" means all non-exempt employees who were

19          employed by Defendant in California and performed work in

20          either the mill, maintenance, or sanitation departments at any

21          time during the Class Period who do not opt out of this

22          Settlement.

23        18.  **Attorneys' fees and expenses.**  The Court approves Class Counsel's

24  attorneys' fees in the amount of $165,000.00, or 33% of the Settlement Fund.  The

25  Court finds that the fees sought are fair and reasonable in light of the quick and positive

26  results obtained for the Class; the strengths of Plaintiff's case and the risk, expense,

27  complexity, and duration of further litigation; the contingent nature of the risk and risk

28  incurred; the skill and experience of counsel; and awards in similar cases.  The Court

1   approves Class Counsel's request for reimbursement of litigation expenses and costs

2   of suit in the amount of $9,900.99.  Such fees and expenses are to be paid pursuant to

3   the conditions set forth in the settlement.   The remainder of Class Counsel's

4   anticipated, but unrealized, costs shall revert to the Settlement Fund and be distributed

5   to the Class Members.  Defendant shall not be required to pay for any other attorneys'

6   fees and expenses, costs or disbursements incurred by Class Counsel or any other

7   counsel representing the Plaintiff, Class Members, or incurred by the Class

8   Representative, or Class Members, or any of them, in connection with or related in any

9   manner to the action, the Settlement, the administration of the Settlement, and/or the

10   Released Claims.

11        19.    **Class Representative Enhancement Payment.** The Court approves an

12   incentive payment to the named plaintiff and class representative in this action, Robert

13   Quintero, in the amount of $7,500.  This award is reasonable and appropriate in light

14   of Plaintiff's risks incurred and time spent on this case, as well as the service he

15   provided to the Class.

16        20.    **Settlement Administration Costs.** The Court finds that Settlement

17   Administration Costs in the amount of $10,000 to be paid from the Gross Settlement

18   Amount to the Settlement Administrator is reasonable and appropriate.  Settlement

19   Administration costs are to be paid pursuant to the conditions set forth in the

20   Agreement.

21        21.    **Payment to LWDA.**  Payment to LWDA is to be made pursuant to the

22   conditions set forth in the Agreement.

23        22.    **Dismissal and Release.**  Upon the Effective Date, this action is dismissed

24   with prejudice, with each Party to bear its own costs and attorneys' fees except as

25   specified in the Settlement Agreement.  All Class Members shall be bound by the terms

26   of the Settlement Agreement upon entry of this final approval order.

27        23.    **Termination.**   In the event that the Settlement is terminated pursuant to

28   its terms, the Agreement shall become void, have no further force and effect, and shall

1  not be used in this action or any other for any purpose other than to enforce the terms

2  of the Settlement Agreement that survive termination.  This matter shall have the status

3  that existed before the execution of the Settlement Agreement and no term or draft of

4  the Settlement Agreement or any part of the Parties' settlement discussions,

5  negotiations, or documentation (including any briefs filed in support of preliminary or

6  final approval of the Settlement) shall:  (i) be admissible into evidence for any purpose

7  in any Action or other proceeding other than as may be necessary to enforce the terms

8  of the Settlement Agreement that survive termination; (ii) be deemed an admission or

9  concession by any Party regarding the validity of any Released Claim or the propriety

10  of certifying any class against Defendant; or (iii) be deemed an admission or

11  concession by any Party regarding the truth or falsity of any facts alleged in the Actions

12  or the availability or lack of availability of any defense to the Released Claims.

13        24.    **Entry of Final Judgment.**  The Court finds that there is no just reason

14  for delay and directs the Clerk to enter judgment pursuant to Federal Rule of Civil

15  Procedure 54.

16

17  **IT IS SO ORDERED.**

18

19  DATED:  July 31, 2020                                     

                                     DOLLY M. GEE

20                                       UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28